



00 SEP 22 PM 2:26

NORTHERN DISTRICT OF OHIO
TOLEDO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **MELISSA BURRIOLA,**<br>for herself and as next friend of<br>**JORDAN TRAVIS BURRIOLA**<br>1917 Mansfield Street<br>Toledo Ohio 43613 | )<br>)<br>)<br>)<br>) |
| Plaintiffs | ) |
| v. | ) |
| **GREATER TOLEDO YMCA**<br>1500 North Superior Street<br>Toledo, Ohio 43604 | )<br>)<br>) |
| and | ) |
| **ROBERT E. ALEXANDER**, in his<br>official capacity as President and CEO<br>of the Greater Toledo YMCA<br>1500 North Superior Street<br>Toledo, Ohio 43604 | )<br>)<br>) |
| and | ) |
| **THE WEST FAMILY YMCA**<br>2020 Tremainsville Road<br>Toledo, Ohio 43613 | )<br>)<br>) |
| and | ) |
| | ) |

**3:00CV7593**

Case No.:

JUDGE: **JUDGE JAMES G. CARR**

## ORIGINAL COMPLAINT
## AND JURY DEMAND

Thomas J. Zraik (0023099)
5579 Monroe Street
Sylvania, Ohio 43560
Telephone: (419) 882-2559
Facsimile: (419) 882-1425

**HENRY PRESSELLER,** in his
official capacity as President and
CEO of the West Family YMCA,
2020 Tremainsville Road
Toledo, Ohio 43613

and

**TODD TIBBITS,** in his official
capacity as Associate Executive
Director of the West Family
YMCA,
2020 Tremainsville Road
Toledo, Ohio 43613

and

**KATHY MILEY**, Individually
and in her official capacity as
Family Program Director
of the West Family YMCA,
2020 Tremainsville Road
Toledo, Ohio 43613

)
)
)
)
)
)
)
)
)
)
)
)
)

---

Plaintiff respectfully files this Original Complaint as follows:

## STATEMENT OF THE CLAIM

1. Plaintiff Melissa Burriola, on behalf of her minor son Jordan Travis Burriola, files
this action seeking declaratory and injunctive relief and damages, alleging that the
defendants illegally discriminated against Jordan on the basis of his disability by
denying him the full and equal enjoyment of the benefits of and participation in
defendants' daycare program, pursuant to Title III of the Americans with Disabilities
Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-89, Section 504 of the Rehabilitation Act
of 1973 ("Section 504"), and Section 4112.02(G) of the Ohio Revised Code. Jordan is
a seven-year-old child diagnosed with autism, a pervasive developmental disorder,

which is a disability defined by 42 U.S.C. 12102 (2). Defendant West Family YMCA operates a daycare program on the premises of Calvary United Methodist Church, which is located at 3939 Jackman Street in Toledo. Defendants terminated Jordan from their daycare program on or about September 6, 2000, solely because of his disability and the refusal of defendants to provide him with the reasonable modifications and accommodations than had previously permitted him to successfully attend and participate in defendants' program. Defendants' intentional actions toward Jordan and his parent resulted in physical harm and serious emotional distress to Jordan in violation of Section 302 of the ADA, 42 U.S.C. § 12182, and its implementing regulation, 28 C.F.R. §§ 36.201(a), 36.202, 36.301(a), and 36.302, and violated the rights of his mother under Section 302(b)(1)(E), 42 U.S.C. § 12182(b)(1)(E), and the Title III regulation, 28 C.F.R. § 36.205.

## JURISDICTION AND VENUE

2. 28 U.S.C. Sec. 1331 confers jurisdiction to this court. This action is authorized pursuant to Title III of the ADA, U.S.C. Sec. 12180 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. This court has jurisdiction to hear plaintiffs' pendent state law claims pursuant to 28 C.F.R. 1367. Venue is proper in the Northern District of Ohio as all claims arise in the District, the plaintiffs reside in the District, and the defendants' corporate headquarters is located in the district.

## PARTIES

### Plaintiffs

3. Plaintiff Melissa Burriola is the parent and natural guardian of Jordan Travis Burriola, a minor, born October 10, 1992. Both plaintiffs are residents of Toledo, Lucas County, Ohio.

4. Plaintiff Jordan Burriola is a qualified individual with a disability, as that term is defined under Title III of the ADA 42 U.S.C. 12131 (2) and under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 705(20) (A)

## Defendants

5. The Greater Toledo YMCA represents itself as a nonprofit association of 11 branch locations that provide recreation, education and other services to families and individuals and is a "private entity", providing "public accommodation", as those terms are defined under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181. Defendant Greater Toledo YMCA is a recipient of federal financial assistance

6. Defendant Robert Alexander, in his official capacity as President and CEO of the Greater Toledo YMCA, is the chief administrative officer and, as such, is responsible for administering policies and supervising employees in carrying out the mission and purposes of the Greater Toledo YMCA, including oversight and supervision of West Family YMCA branch. Defendant Alexander is being sued in his official capacity only.

7. Defendant West Family YMCA is a local branch of the Greater Toledo YMCA, providing recreation, education and other services to families and individuals, and is a "private entity" providing "public accommodation" as those terms are defined under Title III of the ADA. and is a recipient of federal financial assistance and other government benefits.

8. Defendant Henry Presseller, in his official capacity as Executive Director of the West Family YMCA, is responsible for administering policies and supervising employees of the West Family YMCA branch of the Greater Toledo YMCA. Defendant Presseller is being sued in his official capacity only.

9. Defendant Todd Tibbits, in his official capacity as Associate Executive Director of the West Family YMCA, is responsible for administering policies and supervising employees of the West Family YMCA branch of the Greater Toledo YMCA. Defendant Tibbits is being sued in his official capacity only.

10. Defendant Kathy Miley, Family Program Director of the West Family YMCA, administers the family daycare program provided by the Greater Toledo YMCA through its West Family YMCA branch and is responsible for carrying out the services provided by the West Family YMCA in accordance with the policies, practices and procedures set by her supervisors and by the Greater Toledo YMCA. Defendant Miley is being sued both individually and in her official capacity.

## FACTS

11. Plaintiff Melissa Burriola is the mother and natural guardian of Jordan Travis Burriola and resides with her sons Jordan, age seven, and Michael, age 6, in Toledo, Lucas County, Ohio.

12. Jordan Burriola, born October 10, 1992, was diagnosed at age four with autism, a developmental disability.

13. Autism, a neurological impairment, is characterized by abnormal functioning in language, social communication and interaction, and sensory movement.

14. Jordan exhibits many of the symptoms typical of children with autism.  Jordan engages in repetitive activities and stereotypic movements such as hand clapping, beating his chest, pounding his head, running into walls, and echolalia. He tends to "shut down" when his senses become overloaded.  Shutting down is characterized by nonsense verbalizations, quick repetitive arm and leg movements, running around in circles, yelling, screaming, and crying.  When Jordan is overloaded with auditory noise, he tends to run away from the noise. He becomes easily frustrated over small thing and is distressed by angry or loud voices.

15. Jordan attends the M.O.D.E.L. Community School, where he receives special education and related services to meet his unique needs pursuant to an individualized education plan ("IEP") developed pursuant to the Individuals with Disabilities Act ("IDEA") 20 U.S.C. 1400 et seq. and ORC 3323.01 et seq.  The M.O.D.E.L. School is a community school, as that term is defined by RC § 3314.01, and is designed specifically for the purpose of serving children with autism in the Toledo area. Jordan has attended the Model School for the past two years

16. . Ms. Burriola is employed full time and, therefore, requires after school daycare services for both Jordan and Michael.  The Greater Toledo YMCA through its branch office the West Family YMCA provided childcare services to both Jordan and his brother for approximately the past two years.  In addition to the after school daycare program, full day childcare was provided by at times when school was not in session.

17. The family daycare program provided by the Greater Toledo YMCA through its West Family YMCA branch provides daycare services to children and adolescents 5 to 12

years of age without regard to disability. It is licensed to serve up to 54 children. Some of the children who receive daycare services in this program are children with disabilities such as Jordan and the only requirement to attend the program is space availability.

18. Defendant Kathy Miley, Family Program Director, administers the family daycare program provided by the Greater Toledo YMCA through its West Family YMCA branch.

19. Due to Jordan's disability, he requires some modification in the way daycare services are provided to him. These modifications are not costly nor do they require significant changes in the way daycare is provided to other children without disabilities. Prior to August 23, 2000, Jordan was provided with such modifications and participated successfully in the program under the supervision of the former Facility Director of the West Family YMCA childcare program, until his resignation on or about August 23, 2000. .

20. Since the resignation of the former West Family YMCA's Facility Director, administrators and staff have failed or refused to provide any of the modifications that been successful in making the daycare program accessible for Jordan.

21. Subsequent to August 23, 2000, Defendant Kathy Miley, Family Program Director, refused to implement previously effective modifications for Jordan in the daycare program, failed to require staff directly involved with Jordan to attend training on working with autistic children which had been made available free of cost to YMCA staff by the M.O.D.E.L. School.

22. As a result of the failure by Defendant Miley to provide appropriate training for childcare staff, or to implement any previously effective modifications, Jordan's ability to function in the program was increasingly compromised until, on or about September 6, 2000, Defendant Kathy Miley and Defendant Todd Tibbits terminated him for the daycare program solely on the basis of his disability and their refusal to provide the modifications he required..

23. The Greater Toledo YMCA and its West Family branch are places of public accommodation as that term is defined under Title III of the ADA, and both receive federal financial assistance and other government benefits. In addition to other

government funding, the West Family YMCA received a $4,000.00 grant through the Toledo Community Recreation Committee, which distributed funds including $100,000 allocated by the City of Toledo, toward youth and family programming. The Greater Toledo YMCA reported receiving $2,425,299 in government contributions in IRS form 990, in 1998, and plaintiff alleges that defendants have and continue to receive federal financial assistance.

24. Despite receipt of public funds to operate the daycare program, Director Kathy Miley set out to interfere with Jordan's daycare program and to deny him the benefits of that program by refusing to provide the modifications and accommodations he needed, including her refusal to allow trained personnel to work with Jordan. As a result of these intentional acts, Jordan incurred physical harm resulting from serious emotional distress.

25. Defendants' actions have and continue to cause Jordan irreparable harm.

## FIRST CAUSE OF ACTION
### Americans With Disabilities Act

26. Plaintiff re-alleges paragraphs one through twenty-four as if fully restated here.

27. Defendants' conduct in terminating Jordan from the West Family YMCA daycare program was discriminatory and denied him the opportunity to participate in the program or to benefit from the goods, services, and activities provided by the defendants in violation of 42 U.S.C. 12182 and its implementing regulations.

28. Defendants' conduct in failing to provide Jordan with reasonable modifications further discriminated against the plaintiff and denied him the opportunity to fully participate in the program or to benefit from the goods, services, and activities provided by the defendants in violation of 42 U.S.C. 12182 and its implementing regulations

29. As a result of defendants' actions plaintiffs have suffered consequential damages including personal injury, pain and suffering, and emotional harm and distress, and plaintiff Jordan Burriola has suffered social, emotional and developmental injury and educational deprivation.

30. The plaintiffs have and continue to suffer irreparable harm as a result of the defendants' violation of their rights under the ADA.

## SECOND CAUSE OF ACTION
### Section 504 of the Rehabilitation Act of 1973

31. Plaintiffs re-allege paragraphs one through twenty-nine of this complaint as if fully set forth here.

32. As a result of the conduct described above, the plaintiffs have been denied participation in and the benefits of the daycare program operated by defendants. By terminating Jordan from defendants' daycare program and failing to provide reasonable modifications, the defendants have discriminated against the plaintiffs solely on the basis of Jordan's disability, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794, and its implementing regulations.

33. As a result of defendants' actions plaintiffs have suffered consequential damages including personal injury, pain and suffering, and emotional harm and distress, and plaintiff Jordan Burriola has suffered social, emotional and developmental injury and educational deprivation.

34. The plaintiffs have and continue to suffer irreparable harm as a result of the defendants' violation of their rights under Section 504.

## THIRD CAUSE OF ACTION
### Ohio Revised Code 4112.02 (G)

35. Plaintiffs re-allege paragraphs one through thirty-three of this complaint as if fully set forth here.

36. As a result of the conduct described above, the plaintiffs have been denied participation in and the benefits of the daycare program operated by defendants. By terminating Jordan from defendants' daycare program and refusal to provide reasonable accommodations, the defendants have discriminated against the plaintiffs solely on the basis of Jordan's disability, in violation of O.R.C. 4112.02(G) and its implementing regulations.

37. As a result of defendants' actions plaintiffs have suffered consequential damages including personal injury, pain and suffering, and emotional harm and distress, and plaintiff Jordan Burriola has suffered social, emotional and developmental injury and educational deprivation.

38. The plaintiffs have and continue to suffer irreparable harm as a result of the defendants' violation of their rights under the above

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Harm

39. Plaintiffs re-allege paragraphs one through thirty-seven of this complaint as if fully set forth here.

40. Defendant Kathy Miley intentional actions in failing to provide or refusing to provide reasonable modifications necessary for Jordan to participate in and benefit from the defendants' daycare program or activities resulted in serious emotional harm to the plaintiff. Defendants further intentionally discriminated against plaintiffs on the basis of Jordan's disability by failure to access, or to require, appropriate training for childcare staff and refusal to permit reasonable modifications to be included in the daycare program. Defendants then acted deliberately and intentionally to exclude Jordan by terminating him from West Family YMCA daycare program on or about September 6, 2000.

41. As a result defendants' actions, the minor plaintiff sustained physical injury from the emotional damaged caused by the defendants as well as other damages, pain and suffering

42. As a result of defendants' actions plaintiffs have suffered consequential damages including personal injury, pain and suffering, and emotional harm and distress, and plaintiff Jordan Burriola has suffered social, emotional and developmental injury and educational deprivation.

43. The plaintiffs have and continue to suffer irreparable harm as a result of the defendants' violation of their rights under the above

## **PRAYER FOR RELIEF**

THEREFOR, the Plaintiffs respectfully request that the Court:

A. Issue an order granting plaintiffs' request for declaratory and injunctive relief., and to permanently require the defendants to admit Jordan in the daycare program operated by the Greater Toledo YMCA through its affiliate branch, the West Family YMCA, on the premises of Calvary Untied Methodist Church, and to provide the reasonable modifications and accommodations necessary, including but not limited to mandatory staff training, to allow Jordan to benefit from and to participate in defendants' daycare program;

B. Declare defendants' conduct in failing to provide reasonable modifications and terminating Jordan from their daycare program to be unlawful and in violation of Title III of the ADA and Section 504 of Rehabilitation Act and Ohio law;

C. Award compensatory and consequential damages to the plaintiffs in the amount of $150,000.00;

D. Award punitive damages for defendants' malicious and intentional conduct in the amount of $500,000; and

E. Find that plaintiffs are prevailing parties in this case and award, pursuant to Section 504 of the Rehabilitation Act, attorneys' fees, costs, expenses, and such other relief, at law or in equity, to which the plaintiffs may be entitled.

Respectfully submitted,

Thomas J. Zraik
Attorney for Plaintiffs